**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GERALD L. EUBANKS and DETERMINATION III 130 WESTPORT, LLC,

Plaintiffs,

v.

HOWARD LUTNICK, in his official capacity as Secretary of the U.S. Department of Commerce, and NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION,

Defendants,

and

WHALE AND DOLPHIN CONSERVATION, DEFENDERS OF WILDLIFE, CONSERVATION LAW FOUNDATION, and CENTER FOR BIOLOGICAL DIVERSITY,

Defendant-Intervenors (proposed).

No. 8:25-cv-614-CEH-AAS

**CONSERVATION GROUPS' [PROPOSED] ANSWER**

Proposed Defendant-Intervenors Whale and Dolphin Conservation, Defenders of Wildlife, Conservation Law Foundation, and Center for Biological Diversity ("Conservation Groups") submit the following Answer to

Plaintiffs' Complaint, ECF No. 1.[1] The numbered paragraphs of this Proposed Answer correspond to the numbered paragraphs of the Complaint.

## INTRODUCTION

1. In response to the allegations in the first sentence of paragraph 1, Conservation Groups admit that Gerald Eubanks and Determination III 130 Westport, LLC are the named Plaintiffs in this case. Conservation Groups lack information or knowledge sufficient to form an opinion as to the allegations contained in the remainder of the first sentence of paragraph 1 and on that basis deny them. Conservation Groups lack information or knowledge sufficient to form an opinion as to the allegations contained in the second sentence of paragraph 1 and on that basis deny them. The allegations in the third sentence of paragraph 1 purport to characterize a civil penalty levied by Defendants that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the civil penalty.

2. Conservation Groups admit that there is a 2008 NOAA regulation that limits vessel speeds to 10 knots for vessels over 65 feet traveling at certain times and places on the East Coast as alleged in

---

[1] For ease of reference, Conservation Groups reproduce the section headings as they appear in Plaintiffs' Complaint. To the extent those headings contain factual allegations to which a response is required, those allegations are denied.

paragraph 2, but aver that the 2008 rule referenced in the allegation (the "Speed Rule") also applies to vessels 65 feet in length. Conservation Groups lack information or knowledge sufficient to form an opinion on the remainder of the allegations in paragraph 2.

3. The allegations in paragraph 3 purport to characterize the Speed Rule, which speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the rule. In further response, Conservation Groups admit that the North Atlantic right whale is an endangered species.

4. The allegations in paragraph 4 are vague and ambiguous and Conservation Groups deny them on that basis. Conservation Groups further aver that before the Speed Rule was promulgated in 2008, from 1986 to 2006 vessel strikes averaged around one detected North Atlantic right whale mortality each year, with 19 known deaths. Similarly, of the more than 50 confirmed right whale deaths detected from 1990 to 2008, more than half—56 percent—were due to vessel strikes. Conservation Groups further aver that two-thirds of annual right whale deaths are not detected.

5. Conservation Groups lack information or knowledge sufficient to form an opinion as to the allegations contained in paragraph 5 and on that basis deny them.

6. The allegations in paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

7. The allegations in the first sentence of paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, Conservation Groups deny the allegations. In response to the allegations in the second sentence of paragraph 7, Conservation Groups admit that an agency known as NOAA Fisheries or the National Marine Fisheries Service, an agency within the National Oceanic and Atmospheric Administration (NOAA), issued a proposed rule to expand the Speed Rule to apply in greater areas off the U.S. East Coast and to vessels 35 feet in length and greater and admit that the agency subsequently withdrew the proposed rule. Conservation Groups deny the remaining allegations in the second sentence of paragraph 7.

8. The allegations in the first clause of the first sentence of paragraph 8 purport to characterize a NOAA citation that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the citation. The allegations in the second clause of the first sentence of paragraph 8 purport to characterize Plaintiffs' administrative challenge to the NOAA citation that speaks for itself and provides the best evidence of its

contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of Plaintiffs' administrative challenge. The allegations in the second sentence of paragraph 8 purport to characterize a decision issued by an Administrative Law Judge which speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the decision. The allegations in the third sentence of paragraph 8 purport to characterize a decision issued by the NOAA Administrator that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the decision.

9. The allegations in paragraph 9 purport to characterize Plaintiffs' Complaint that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language and meaning of that Complaint. The allegations in paragraph 9 also constitute a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

## THE PARTIES

### *Plaintiffs*

10. Conservation Groups lack information or knowledge sufficient to form an opinion as to the allegations contained in paragraph 10 and on that basis deny them.

11. Conservation Groups lack information or knowledge sufficient to form an opinion as to the allegations contained in paragraph 11 and on that basis deny them.

### *Defendants*

12. In response to the allegations in paragraph 12, Conservation Groups admit that Howard Lutnick is the Secretary of Commerce. The remainder of the allegations in paragraph 12 purport to characterize Plaintiffs' Complaint that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language and meaning of that Complaint.

13. Conservation Groups admit the allegations in paragraph 13 but aver that an agency within NOAA, known as NOAA Fisheries or the National Marine Fisheries Service, is the agency that issued the Speed Rule, and further aver that NOAA's Office of Law Enforcement (along with the U.S. Coast Guard) enforce the Rule.

## JURISDICTION AND VENUE

14. The allegations in paragraph 14 contain legal conclusions to which no response is required.

15. Conservation Groups lack information or knowledge sufficient to form an opinion as to the allegations contained in paragraph 15 and on that basis deny them.

16. The allegations in paragraph 16 contain legal conclusions to which no response is required.

## STATUTORY AND REGULATORY BACKGROUND

17. The allegations in paragraph 17 purport to characterize the Marine Mammal Protection Act (MMPA) that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the statute.

18. The allegations in paragraph 18 purport to characterize the MMPA that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the statute.

19. The allegations in paragraph 19 purport to characterize the MMPA that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the statute.

20. The allegations in paragraph 20 purport to characterize the MMPA that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the statute.

21. The allegations in paragraph 21 purport to characterize the Endangered Species Act (ESA) that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the statute.

22. The allegations in paragraph 22 purport to characterize the ESA that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the statute.

23. The allegations in paragraph 23 purport to characterize the ESA that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the statute.

24. Conservation Groups admit the allegations in paragraph 24. Conservation Groups further aver that the NOAA Administrator has delegated MMPA and ESA rulemaking authorities to the Assistant Administrator for NOAA Fisheries.

25. Conservation Groups admit the allegations in paragraph 25.

26. The allegations in paragraph 26 purport to characterize the Federal Register notice that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the notice.

27. The allegations in paragraph 27 purport to characterize the Speed Rule that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the rule.

28. The allegations in paragraph 28 purport to characterize the Speed Rule and a Federal Register notice, which speak for themselves and provide the best evidence of their contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the rule and notice.

29. The allegations in paragraph 29 purport to characterize the Speed Rule that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the rule.

30. The allegations in paragraph 30 purport to characterize the Speed Rule that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the rule.

31. The allegations in paragraph 31 purport to characterize aFederal Register notice that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the notice.

## FACTUAL BACKGROUND

32. Conservation Groups lack information or knowledge sufficient to form an opinion as to the allegations contained in paragraph 32 and on that basis deny them.

33. The allegations in paragraph 33 are vague and ambiguous and Conservation Groups deny them on that basis.

34. Conservation Groups lack information or knowledge sufficient to form an opinion as to the allegations contained in paragraph 34 and on that basis deny them.

35. Conservation Groups lack information or knowledge sufficient to form an opinion as to the allegations contained in paragraph 35 and on that basis deny them.

36. Conservation Groups lack information or knowledge sufficient to form an opinion as to the allegations contained in paragraph 36 and on that basis deny them.

37. Conservation Groups lack information or knowledge sufficient to form an opinion as to the allegations contained in paragraph 37 and on that basis deny them.

38. The allegations in paragraph 38 purport to characterize an October 12, 2023, Notice of Violation issued by NOAA that speaks for itself and provides the best evidence of its contents. Conservation Groups deny allegations contrary to the plain language, meaning, and context of the notice.

39. The allegations in paragraph 39 purport to characterize Plaintiffs' administrative challenge to NOAA's penalty that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of Plaintiffs' challenge.

40. The allegations in paragraph 40 purport to characterize a November 5, 2024, decision issued by an Administrative Law Judge that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the decision.

41. The allegations in paragraph 41 purport to characterize a November 5, 2024, decision issued by an Administrative Law Judge that speaks for itself and provides the best evidence of its contents. Conservation

Groups deny any allegations contrary to the plain language, meaning, and context of the decision.

42. The allegations in paragraph 42 purport to characterize a January 12, 2025, decision from the NOAA Administrator that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the decision.

## COUNT I

43. Conservation Groups incorporate by reference their responses to the allegations contained in paragraphs 1 through 42 above.

44. The allegations in paragraph 44 consist of a legal conclusion to which no response is required.

45. The allegations in paragraph 45 purport to characterize a 1988 decision issued by the U.S. Supreme Court that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the decision.

46. The allegations in paragraph 46 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

47. The allegations in the first clause of paragraph 47 purport to characterize the Speed Rule that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the rule. The allegations in the remaining clause of paragraph 47 consist of legal conclusions to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

48. The allegations in paragraph 48 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

49. The allegations in the first sentence of paragraph 49 contain a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations. To the extent the first sentence of paragraph 49 characterizes a 2002 decision issued by the U.S. Supreme Court, that decision speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the decision. The allegations in the second sentence of paragraph 49 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

50. The allegations in the first sentence of paragraph 50 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations. Conservation groups deny the allegations in the first clause of the second sentence of paragraph 50. The allegations in the second clause of the second sentence of paragraph 50 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

51. The allegations in paragraph 51 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

52. The allegations in paragraph 52 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations. Further, the allegations in paragraph 52 characterize the legal remedy Plaintiffs seek. Conservation Groups deny that Plaintiffs are entitled to the requested remedy or to any relief whatsoever.

**COUNT II**

53. Conservation Groups incorporate by reference their responses to the allegations contained in paragraphs 1 through 52 above.

54. The allegations in paragraph 54 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

55. The allegations in paragraph 55 purport to characterize Article I of the U.S. Constitution that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the Constitution.

56. The allegations in paragraph 56 purport to characterize a 1935 decision issued by the U.S. Supreme Court that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the decision.

57. The allegations in paragraph 57 purport to characterize a 1935 decision issued by the U.S. Supreme Court that speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context of the decision.

58. The allegations in paragraph 58 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

59. The allegations in paragraph 59 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

60. The allegations in paragraph 60 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

61. The allegations in paragraph 61 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

62. The allegations in paragraph 62 consist of a legal conclusion to which no response is required. To the extent a response is required, Conservation Groups deny the allegations. Further, the allegations in paragraph 62 characterize the legal remedy Plaintiffs seek. Conservation Groups deny that Plaintiffs are entitled to the requested remedy or to any relief whatsoever.

## REQUEST FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response may be required, Conservation Groups deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## GENERAL DENIAL

Conservation Groups deny any allegations contained in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

WHEREFORE, Conservation Groups deny that Plaintiffs are entitled to the requested relief or any relief whatsoever from this Court and request that this action be dismissed with prejudice, and that judgment be entered in favor of Conservation Groups.

Respectfully submitted this 21st day of March, 2025,

*<u>/s/ Elise Pautler Bennett</u>*
Elise Pautler Bennett (FL Bar No. 106573)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 2155
St. Petersburg, FL 33731
(727) 755-6950 (tel)
ebennett@biologicaldiversity.org

Kristen Monsell (*pro hac vice*)
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Suite 375
Oakland, CA 94612
(510) 844-7137 (tel)
kmonsell@biologicaldiversity.org

Jane P. Davenport (*pro hac vice*)
DEFENDERS OF WILDLIFE
1130 17th St NW Washington, DC 20036
(202) 682-9400 (tel)
jdavenport@defenders.org
**Lead Counsel*

Erica A. Fuller (*pro hac vice*)
CONSERVATION LAW FOUNDATION
62 Summer St
Boston, MA 02110
(617) 850-1727 (tel)
efuller@clf.org

*Attorneys for Proposed Defendant-Intervenors Whale and Dolphin Conservation, Defenders of Wildlife, Conservation Law Foundation, and Center for Biological Diversity*