UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| GERALD L. EUBANKS, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HOWARD LUTNICK, *et al.*, ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> WHALE AND DOLPHIN ) <br> CONSERVATION, *et al.*, ) <br> ) <br> Defendant-Intervenors ) <br> (proposed). ) | No. 8:25-cv-614-CEH-AAS <br><br> **CONSERVATION GROUPS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS** |

Conservation Groups respectfully request leave under Local Rule 3.01(d) to file a reply in support of their Motion to Intervene as Defendants, ECF No. 20. Good cause exists to grant this request. *See DiRocco v. Victory Mktg. Agency, LLC*, No. 2:15-CV-552, 2015 WL 13802200, at *1 (M.D. Fla. Nov. 4, 2015). The seven-page reply (inclusive of all parts) would respond to Plaintiffs' arguments that Conservation Groups could not have anticipated:

1. Plaintiffs wrongly claim that Conservation Groups lack cognizable interests because their interests "do[] not derive from 'a legal right under the relevant . . . law.'" *See* ECF No. 29 at 2–9 (quoted language at 5).

Plaintiffs assert a different standard for legally protectable interests than that established by the Eleventh Circuit. *Id.* at 3–5. Conservation Groups seek to demonstrate how Plaintiffs' erroneous assertion contradicts decades of case law, including Supreme Court precedent.

    2.    Plaintiffs incorrectly assert that Conservation Groups have no "direct" or "substantial" interest in this case because Plaintiffs wish merely to have the citation and civil penalty for violating the Rule set aside. *See id.* at 9–16; *see also id.* at 14 n.2 (disclaiming intent to request vacatur of the Rule). Conservation Groups seek to show that Plaintiffs' characterization of their requested relief is expressly inconsistent with public statements by Pacific Legal Foundation, whose attorneys represent Plaintiffs, about this case's goals; how Plaintiffs mischaracterize the relevant legal standard, which Conservation Groups meet; how Plaintiffs ignore that obtaining a favorable outcome may undermine or prevent Defendants' effective enforcement of the Rule; and how Plaintiffs' success would harm Conservation Groups' interests in the Endangered Species Act and Marine Mammal Protection Act's conservation-focused regulatory authorities.

    3.    Plaintiffs erroneously claim that Conservation Groups must show gross negligence or bad faith to demonstrate that Defendants do not adequately represent their interests. *See id.* at 16–18. Conservation Groups

seek to correct that standard and show that the evidence offered in their opening brief meets the appropriate standard.

Conservation Groups' reply will aid the Court by clarifying the relevant issues and legal standards. Conservation Groups respectfully request the Court grant them leave to file a brief reply to be filed by the later of two business days following such order, or April 18, 2025.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Conservation Groups certify that they conferred with counsel for Plaintiffs and Defendants via email prior to filing this motion. Plaintiffs oppose this motion. Defendants take no position on this motion.

Respectfully submitted April 9th, 2025,

/s/ *Jane P. Davenport*
Jane P. Davenport (pro hac vice)
DEFENDERS OF WILDLIFE
1130 17th St NW
Washington, DC 20036
(202) 682-9400 (tel)
jdavenport@defenders.org

Kristen Monsell (pro hac vice)
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St Ste 375
Oakland, CA 94612
(510) 844-7137 (tel)
kmonsell@biologicaldiversity.org

Erica A. Fuller (pro hac vice)
CONSERVATION LAW FOUNDATION
62 Summer St
Boston, MA 02110
(617) 850-1727 (tel)
efuller@clf.org

*Attorneys for Proposed Defendant-Intervenors*