UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GERALD L. EUBANKS, *et al.*,

   *Plaintiffs*,

v.    No. 8:25-cv-614-CEH

HOWARD LUTNICK, in his official
Capacity as U.S. Sec. of Commerce, *et al.*

_____/

**ANSWER TO PLAINTIFFS' COMPLAINT (ECF No. 1)**

Defendants, Howard Lutnick and the National Oceanic and Atmospheric Administration ("NOAA") (collectively, "Federal Defendants"), by and through undersigned counsel, respectfully submit this answer to the complaint filed by Plaintiffs Gerald L. Eubanks and Determination III 130 Westport, LLC (collectively, "Plaintiffs"), ECF No. 1.

**INTRODUCTION**

1. The factual allegations in paragraph 1 purport to characterize facts established in the administrative record for the enforcement case, In re Determination III 130 Westport, LLC, and Gerald L. Eubanks, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language, meaning, and/or context of such record is denied.

2. Federal Defendants admit the allegation in paragraph 2 that Plaintiffs violated the 2008 Regulation titled *Restrictions to Reduce the Threat of Ship Collisions With North Atlantic Right Whales* ("Speed Rule"), 73 Fed. Reg. 60,173 (Oct. 10, 2008). The remainder of the allegations in paragraph 2 purport to describe the Speed Rule, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

3. The allegations in paragraph 3 purport to characterize the Speed Rule, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

4. Federal Defendants deny the allegations in paragraph 4.

5. Due to vagueness and ambiguity, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and deny them on that basis.

6. Federal Defendants deny the allegations in paragraph 6.

7. Federal Defendants deny the allegations in the first sentence of paragraph 7. The allegations in the second sentence of paragraph 7 characterize a withdrawn proposed rule, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

8. The allegations in paragraph 8 characterize facts from the administrative record for the enforcement case, which speaks for itself and is the best

evidence of its contents. To the extent a response is required, Federal Defendants deny the allegations.

9. The allegations in paragraph 9 constitute Plaintiffs' characterization of their case, which does not require a response.

## THE PARTIES

10. To the extent the allegations in paragraph 10 characterize facts established in the administrative record for the enforcement case, In re Determination III 130 Westport, LLC, and Gerald L. Eubanks, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), that record speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language, meaning, and/or context of such record is denied.

11. To the extent the allegations in paragraph 11 characterize facts established in the administrative record for the enforcement case, In re Determination III 130 Westport, LLC, and Gerald L. Eubanks, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), that record speaks for itself and is the best evidence of its contents.

12. Federal Defendants admit the allegations in Paragraph 12.

13. Federal Defendants admit that the National Marine Fisheries Service ("NMFS"), a subagency of NOAA, promulgated and enforces the Speed Rule, and deny any remaining allegations.

## JURISDICTION AND VENUE

14. The allegations in paragraph 14 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

15. The allegations in paragraph 15 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

16. Federal Defendants lack information or knowledge sufficient to formulate a belief as to where Plaintiff Eubanks resides. The remainder of the allegations in paragraph 16 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## STATUTORY AND REGULATORY BACKGROUND

17. The allegations in paragraph 17 purport to characterize the Marine Mammal Protection Act ("MMPA"), an act that speaks for itself and is the best evidence of its contents. Any allegations contrary to the act's plain language, meaning, or context are denied.

18. The allegations in paragraph 18 purport to characterize the MMPA, an act that speaks for itself and is the best evidence of its contents. Any allegations contrary to the act's plain language, meaning, or context are denied.

19. The allegations in paragraph 19 purport to characterize the MMPA, an act that speaks for itself and is the best evidence of its contents. Any allegations contrary to the act's plain language, meaning, or context are denied.

20. The allegations in paragraph 20 purport to characterize the MMPA, an act that speaks for itself and is the best evidence of its contents. Any allegations contrary to the act's plain language, meaning, or context are denied.

21. The allegations in paragraph 21 purport to characterize the Endangered Species Act ("ESA"), an act that speaks for itself and is the best evidence of its contents. Any allegations contrary to the act's plain language, meaning, or context are denied.

22. The allegations in paragraph 22 purport to characterize the ESA, an act that speaks for itself and is the best evidence of its contents. Any allegations contrary to the act's plain language, meaning, or context are denied.

23. The allegations in paragraph 23 purport to characterize the ESA, an act that speaks for itself and is the best evidence of its contents. Any allegations contrary to the act's plain language, meaning, or context are denied.

24. Federal Defendants admit the allegations in paragraph 24.

25. Federal Defendants admit the allegations in paragraph 25.

26. The allegations in paragraphs 26 purport to characterize NMFS' Speed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Speed Rule's plain language, meaning, or context are denied.

27. The allegations in paragraph 27 purport to characterize NMFS' Speed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Speed Rule's plain language, meaning, or context are denied.

28. The allegations in paragraph 28 purport to characterize NMFS' Speed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Speed Rule's plain language, meaning, or context are denied.

29. The allegations in paragraph 29 purport to characterize NMFS' speed rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Speed Rule's plain language, meaning, or context are denied.

30. The allegations in paragraph 30 purport to characterize NMFS' Speed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Speed Rule's plain language, meaning, or context are denied.

31. The allegations in paragraph 31 purport to characterize NMFS' Speed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Speed Rule's plain language, meaning, or context are denied.

## FACTUAL BACKGROUND

32. To the extent the allegations in paragraph 32 characterize facts established in the administrative record for the enforcement case, In re Determination III 130 Westport, LLC, and Gerald L. Eubanks, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), that record speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with the plain language, meaning, and/or context of such record is denied.

33. Due to vagueness and ambiguity, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and deny them on that basis.

34. Due to vagueness and ambiguity, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 regarding a "dynamic" and deny them on that basis. The remaining allegations in paragraph 34 characterize facts from the administrative record for the enforcement case, In re Determination III 130 Westport, LLC, and Gerald L. Eubanks, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny the allegations.

35. The allegations in paragraph 35 characterize facts from the administrative record for the enforcement case, In re Determination III 130 Westport, LLC, and Gerald L. Eubanks, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny the allegations.

36. Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of allegations in paragraph 36 and deny them on that basis.

37. The allegations in paragraph 37 characterize facts from the administrative record for the enforcement case, In re Determination III 130 Westport, LLC, and Gerald L. Eubanks, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny the allegations.

38. The allegations in paragraph 38 purport to characterize the Notice of Violation for the enforcement case, In re Determination III 130 Westport, LLC, and Gerald L. Eubanks, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Notice of Violation's plain language, meaning, or context are denied.

39. Federal Defendants admit the allegations in paragraph 39.

40. The factual allegations in paragraph 40 purport to characterize the Administrative Law Judge's decision in the enforcement case, In re Determination III 130 Westport, LLC, and Gerald L. Eubanks, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the decision's plain language, meaning, or context are denied.

41. The allegations in paragraph 41 purport to characterize the Administrative Law Judge's decision in the enforcement case, In re Determination III 130 Westport, LLC, and Gerald L. Eubanks, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the decision's plain language, meaning, or context are denied.

42. The factual allegations in paragraph 42 purport to characterize the NOAA Administrator's decision in the enforcement case, In re Determination III 130 Westport, LLC, and Gerald L. Eubanks, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), which speaks for itself and is the best evidence of its

contents. Any allegations contrary to the decision's plain language, meaning, or context are denied.

## COUNT I

43. Federal Defendants incorporate their responses to paragraphs 1 through 42 as if set forth fully herein.

44. The allegations in paragraph 44 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

45. The allegations in paragraph 45 purport to characterize *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204 (1988), a decision that speaks for itself and is the best evidence of its contents. Any allegations contrary to the decision's plain language, meaning, or context are denied.

46. Federal Defendants deny the allegations in paragraph 46.

47. To the extent the allegations in paragraph 47 purport to characterize the Speed Rule, the Speed Rule speaks for itself and is the best evidence of its contents. Any allegations contrary to the Speed Rule's plain language, meaning, or context are denied. The remaining allegations in paragraph 47 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

48. The allegations in paragraph 48 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

49. To the extent the allegations in paragraph 49 purport to characterize *Ragsdale v. Wolverine World Wide, Inc.,* 535 U.S. 81, 92-93 (2002), the decision speaks for itself and is the best evidence of its contents. Any allegations contrary to the decision's plain language, meaning, or context are denied. Any remaining allegations in paragraph 49 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

50. The allegations in paragraph 50 constitute legal conclusions to which no response is required. To the extent a response is required Federal Defendants deny the allegations.

51. The allegations in paragraph 51 constitute legal conclusions to which no response is required. To the extent a response is required Federal Defendants deny the allegations in paragraph 51.

52. The allegations in paragraph 52 constitute Plaintiffs' legal conclusions and the relief sought, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## COUNT II

53. Federal Defendants incorporate their responses to paragraphs 1 through 52 as if set forth fully herein.

54. The allegations in paragraph 54 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

55. The allegations in paragraph 55 purport to characterize Article I, Section 1 of the U.S. Constitution, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Constitution's plain language, meaning, or context are denied.

56. The allegations in paragraph 56 purport to characterize *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1934), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, or context of that decision are denied.

57. The allegations in paragraph 57 purport to characterize *Panama Refining Co. v. Ryan*, 293 U.S. 418 (1934), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, or context of that decision are denied.

58. The allegations in paragraph 58 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

59. The allegations in paragraph 59 constitute Plaintiffs' characterization of their case, for which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

60. The allegations in paragraph 60 constitute Plaintiffs' characterization of their case, for which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

61. The allegations in paragraph 61 constitute legal conclusions, for which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

62. The allegations in paragraph 62 constitute legal conclusions, for which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## REQUEST FOR RELIEF

The allegations set forth in paragraphs (i) through (iv) of this section of the complaint are Plaintiffs' requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the requested relief, including paragraphs (i) through (iv), or to any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified. To the extent that any allegation in Plaintiffs' Amended Complaint remains unanswered, Federal Defendants deny such allegations.

## AFFIRMATIVE DEFENSES

1. Some or all of Plaintiffs' claims fail to state a claim on which relief may be granted.

2. Plaintiffs lack standing to assert some or all of their claims.

3. The Court lacks jurisdiction over some or all of Plaintiffs' claims.

4. Some or all of Plaintiffs' claims are not ripe for review.

5.      To the extent Plaintiffs assert a facial challenge to the Speed Rule, such challenge is barred by 28 U.S.C. § 2401(a), the applicable six-year statute of limitations for civil actions against the federal government.

6.      To the extent Plaintiffs assert claims beyond those presented to the administrative law judge in the enforcement case, <u>In re Determination III 130 Westport, LLC, and Gerald L. Eubanks</u>, Docket No. SE2303316, 2024 WL 4834996 (NOAA Nov. 5, 2024), such claims are waived.

WHEREFORE, having fully answered, Federal Defendants pray that this action be dismissed, that judgment be entered for Federal Defendants, and that the Court grant such other relief as may be appropriate.

Date: May 27, 2025                           Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division

By:   /s/ *Mark Arthur Brown*
MARK ARTHUR BROWN
(FL Bar 0999504)
Senior Trial Attorney
Wildlife and Marine Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
TEL: (202) 305-0204
FAX: (202) 305-0275
E-mail: mark.brown@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on May 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                             /s/ *Mark Arthur Brown*
                                             MARK ARTHUR BROWN
                                             Senior Trial Attorney
                                             Wildlife and Marine Resources Section
                                             Environment and Natural Resources Division
                                             United States Department of Justice
                                             P.O. Box 7611
                                             Washington, D.C. 20044-7611
                                             TEL: (202) 305-0204
                                             FAX: (202) 305-0275
                                             E-mail: mark.brown@usdoj.gov