# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GERALD L. EUBANKS and
DETERMINATION III WESTPORT
130, LLC,

    Plaintiffs,

v.     Case No: 8:25-CV-614-CEH-AAS

HOWARD LUTNICK, *in his official capacity as Secretary of the United States Department of Commerce*, and
NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION,

    Defendants.

## ORDER

This cause comes before the Court on the Motion to Intervene (Doc. 20) of Center for Biological Diversity, Conservation Law Foundation, Defenders of Wildlife, and Whale and Dolphin Conservation, the response (Doc. 27) of Defendants Howard Lutnick and National Oceanic and Atmospheric Administration,[1] the response in opposition (Doc. 29) of Plaintiffs Determination III Westport 130, LLC and Gerald L. Eubanks, and reply (Doc. 33) of Center for Biological Diversity, Conservation Law Foundation, Defenders of Wildlife, and Whale and Dolphin Conservation.

---

[1] "Defendants . . . take no position on proposed Defendant-Intervenors' Motion to Intervene[.]" Doc. 27.

Upon review and consideration, and being fully advised in the premises, the Court will deny the Motion to Intervene.

## I. BACKGROUND

Plaintiffs, Gerald L. Eubanks and Determination III Westport 130, LLC, are the captain and owner of a vessel which received a citation of $14,250 from the National Oceanic and Atmospheric Administration (NOAA) for traveling at approximately eighteen knots. Doc. 1 at ¶ 1. This transit violated a 2008 NOAA regulation that limits speeds to ten knots for vessels over sixty-five feet traveling at certain times and places on the east coast (Vessel Speed Rule). *Id.* at ¶ 2.

Defendants are Howard Lutnick, in his official capacity as Secretary of Commerce, and NOAA (collectively, "the Government"). The Vessel Speed Rule was promulgated by NOAA under the Marine Mammal Protection and Endangered Species Act to prevent the killing, injuring, capturing, or harassment of the North Atlantic right whale. *Id.* at ¶ 3.

Plaintiffs bring this action to contest the validity of the citation they received for violating the Vessel Speed Rule. *Id.* at ¶¶ 6-7. In their Complaint, Plaintiffs bring two counts to set aside the citation. *Id.* at ¶¶ 43-62. Under Count I, Plaintiffs assert that the Vessel Speed Rule exceeds NOAA's statutory authority. *Id.* at ¶¶ 43-52. Plaintiffs claim that neither the Endangered Species Act nor Marine Mammal Protection Act gave NOAA the requisite authority to issue the rule. *Id.* at ¶¶ 6-7. Under Count II, Plaintiffs assert that the Vessel Speed Rule's statutory authority violates the nondelegation doctrine under Article I, Section I of the Constitution. *Id.* at ¶¶ 53-62.

The proposed intervenors are the Center for Biological Diversity, Conservation Law Foundation, Defenders of Wildlife, and Whale and Dolphin Conservation (collectively, "Conservation Groups"). Conservation Groups have previously advocated for the Vessel Speed Rule to be promulgated and for its protections to be extended. Doc. 20-1 at ¶¶ 37-41; Doc. 20-2 at ¶¶ 12-18; Doc. 20-3 at ¶¶ 9-18; Doc. 20-5 at ¶¶ 3-15. In 2012, Conservation Groups petitioned NMFS to expand the scope of the Vessel Speed Rule. Doc. 20-1 at ¶ 38. NMFS did not respond to this petition until 2021. *Id.* In 2020, Conservation Groups again petitioned NMFS to expand the scope of the Vessel Speed Rule. *Id.* at ¶ 39. NMFS did not respond to this petition and as a result Conservation Groups filed suit challenging NMFS's delay in responding to the 2012 and 2020 rulemaking petitions. *Id.* Conservation Groups' members have spent time viewing, studying, and photographing right whales and plan to continue to do so in the future. *See id.* at ¶¶ 12-13, 29; Doc. 20-2 at ¶ 6, Doc. 20-3 at ¶ 7; Doc. 20-4 at ¶¶ 7-11; Doc. 20-5 at ¶ 4; Doc 20-6 at ¶¶ 3-7. Conservation Groups move to intervene as defendants under Federal Rules of Civil Procedure 24(a) and 24(b).

## II.   DISCUSSION

### A. Intervention as of Right

Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as a matter of right if (1) the motion to intervene is timely;[2] (2) the movant has an "interest relating to the property or transaction which is the subject of the action;" (3) the

---

[2] Plaintiffs do not dispute the timeliness of Conservation Groups' motion.

3

movant is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest[;]"[3] and (4) the movant's interest is not represented adequately by the existing parties to the suit. *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1362 (11th Cir. 2022). Conservation Groups argue that they are entitled to intervention of right under Rule 24(a)(2). Plaintiffs respond that Conservation Groups lack an interest under Rule 24(a)(2) in the action and the Government adequately represents Conservation Groups' interests.

1. **Interest under Rule 24(a)**

"Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." *Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir.2002). It is "'indisputable' that a prospective intervenor's environmental concern is a legally protectable interest [under Rule 24(a)(2)]." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010); *see also Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 529 (9th Cir. 1983) (finding a non-profit organization's interest in the protection of animals and their habitats legally protectable); *Wilderness Soc'y v. Morton*, 463 F.2d 1261, 1263 (D.C. Cir. 1972) (finding environmental advocacy sufficient for interest under Rule 24(a)); *Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior, Nat'l Park Serv.*, No. 2:11-CV-578, 2012 WL 1060144, at *3 (M.D. Fla. Mar. 29, 2012) ("[T]he [proposed intervenor] is an organization of individuals who have

---

[3] Plaintiffs do not dispute this element of Conservation Groups' motion.

hunted or enjoyed the Preserve and its Addition Lands in the past or plan to do so in the future . . . . The Court finds that [they] possess the requisite interests in issues in this litigation."); *S. Dade Land Corp. v. Sullivan*, 155 F.R.D. 694, 696 (S.D. Fla. 1994) ("The Proposed Intervenors presented a number of affidavits from members who use the Park and expect to continue enjoying the Park's resources, thus establishing a legally protectible interest for purposes of intervention."); *cf. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562-63 (1992) ("[T]he desire to use or observe an animal species, even for purely [a]esthetic purposes, is undeniably a cognizable interest"). Here, Conservation Groups interest in the protection of the right whale is a legally protectable interest under Rule 24(a)(2).

Plaintiffs argue that Conservation Groups' interest in "the property or transaction which is the subject of the action" is not "direct." *See Athens Lumber Co. v. Federal Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982). Plaintiffs claim that Conservation Groups have no direct interest because the subject of the action is NOAA's citation against Plaintiffs, which could only indirectly affect the number of right whales. In *Athens*, the court held that a union did not have a right to intervene under Rule 24(a)(2) where a corporation challenged the constitutionality of corporate political expenditure limits under the Federal Elections Campaign Act. *Id.* at 1365. The interest claimed by the union was "the danger that unions will be financially overwhelmed in federal elections." *Id.* at 1366. The court reasoned that the union's "alleged interest is shared with all unions and all citizens concerned about the ramifications of direct corporate expenditures." *Id.*

In *Sagebrush Rebellion*, the proposed intervenor was a public interest group devoted to the "protection of birds and other animals and their habitats." *Sagebrush Rebellion*, 713 F.2d at 526. The proposed intervenor participated actively in the administrative process surrounding the public order at issue in the action. *Id.* at 526-27. The Ninth Circuit[4] held that the proposed intervenor was entitled as a matter of right to intervene because the action challenged the legality of a measure which it had supported. *Id.* at 527.

Conservation Groups have a direct interest in this action. Like the proposed intervenors in *Sagebrush*, Conservation Groups seek to intervene in an action challenging the legality of a measure which they supported. Conservation Groups supported the Vessel Speed Rule by petitioning NMFS to expand the scope of the Vessel Speed Rule in 2012 and 2020. *See. e.g.*, Doc. 20-2 ¶¶ 12-18; Doc. 20-3 ¶¶ 9-18. Plaintiffs challenge the legality of the Vessel Speed Rule in their Complaint where they assert that NOAA's citation against them should be set aside because the Vessel Speed Rule was promulgated without the requisite authority. Doc. 1 at ¶¶ 6-7.

Additionally, the issue in *Athens* that doomed the proposed intervenor's claim for intervention as of right is not present here because Conservation Groups' interest is not so generalized as to be shared by all citizens. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997) (distinguishing from *Athens* where the

---

[4] The Eleventh Circuit has yet to address whether a public interest group has a right to intervene in any litigation involving legislation that it sponsored or lobbied. *See Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1498 (S.D. Fla. 1991) (finding proposed intervenor did not have a direct interest in litigation which it lobbied).

proposed intervenor was a "vital participant in the political process that resulted in" the legislation at issue in the action). The purpose of the Vessel Speed Rule "is to reduce the likelihood of deaths and serious injuries to endangered North Atlantic right whales that result from collisions with ships." Endangered Fish and Wildlife; Final Rule To Implement Speed Restrictions to Reduce the Threat of Ship Collisions With North Atlantic Right Whales, 73 Fed. Reg. 60173-01 (Oct. 10, 2008). Conservation Groups have a nongeneralized interest in defending the Vessel Speed Rule because they have spent time advocating and litigating on behalf of the right whale. *See e.g.*, Doc. 20-2 ¶¶ 7-9; Doc. 20-5 ¶¶ 8-16. Conservation Groups' members also specifically view, study, and photograph right whales and plan to continue to do so in the future. *See* Doc. 20-1 ¶¶ 12-13, 29; Doc. 20-2 ¶ 6, Doc. 20-3 ¶ 7; Doc. 20-4 ¶¶ 7-11; Doc. 20-5 ¶ 4; Doc 20-6 ¶¶ 3-7.

In support of their claim that Conservation Groups' interest is not direct, Plaintiffs cite *United States v. 36.96 Acres of Land, More or Less, Situated in LaPorte Cnty., State of Ind.,* 754 F.2d 855, 859 (7th Cir. 1985). In that case, the Seventh Circuit held that an aesthetic environmental interest in a piece of land was not a direct interest in a condemnation action involving that land. *Id.* at 859-60. However, the court conceded that "there is a qualitative difference between the 'interest' which is sufficient for standing to bring an action under the APA and the 'direct, significant legally protectable interest' required to intervene in a condemnation action." *Id.* at 859. The Seventh Circuit differentiated between Rule 24(a)(2) interest and Article III standing because it applies a higher standard for Rule 24(a)(2) interest, which

contrasts with the standards of other circuit courts, including the 11th Circuit.[5] *Compare id.* at 859 ("The interest of a proposed intervenor, however, must be greater than the interest sufficient to satisfy the standing requirement."); *with Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) ("A party seeking to intervene need not demonstrate that he has standing in addition to meeting the requirements of Rule 24."); *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993) ("Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established.") *36.96 Acres of Land* is inapposite here. Conservation Groups interest in the action is direct.

Plaintiffs claim that if the Government were to withdraw the citation or settle, Conservation Groups would not have independent standing to continue the suit because the Vessel Speed Rule would not be threatened. Unless the Government withdraws the citation or the parties settle, the Court does not need to decide whether Conservation Groups have independent standing. *See Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324, 1330 (11th Cir. 2007) ("[I]ntervenors in this circuit may in some cases be permitted to 'piggyback' upon the standing of original parties to satisfy the standing requirement . . . . Intervenors must show independent standing to continue a suit if the original parties on whose behalf intervention was sought settle or otherwise do not remain adverse parties in the litigation."). Conservation Groups

---

[5] The Supreme Court has yet to articulate "the precise relationship between [Rule 24(a)] interest and Article III standing requirements." *Chiles v. Thornburgh*, 865 F.2d 1197, 1212 (11th Cir. 1989) (citing *Diamond v. Charles*, 476 U.S. 54, 68-70 (1986)).

have shown that their interest in the subject matter of the litigation is direct, substantial, and legally protectable.

### 2. Adequate Representation

Plaintiffs argue that intervention as of right is not available because the Government is pursuing the same objectives as Conservation Groups. Conservation Groups claim that the Government will not adequately represent their interests because the Government and Conservation Groups have been involved in legal disputes previously concerning the Vessel Speed Rule and the change in presidential administration suggests that the Government may not adequately represent Conservation Groups' interests.

Intervention as of right is available only where existing parties do not "adequately represent" the intervenor's interest. Fed. R. Civ. P. 24(a)(2). Adequate representation is presumed where the proposed intervenor and existing party have the same objective. *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982). Adequate representation is presumed where the existing party is a government entity. *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 293 (11th Cir. 2020). The presumption of adequate representation can be overcome by evidence to the contrary. *Id.* The proposed intervenors' burden to show that their interests may not be adequately represented "should be treated as minimal." *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989).

Conservation Groups share the same objective as the Government. Plaintiffs argue that their citation should be set aside because the Vessel Speed Rule exceeds

the NOAA's statutory authority and violates the nondelegation doctrine. *See* Doc. 1 ¶¶ 43-62. The Government seeks to enforce Plaintiff's citation by defending the validity of the Vessel Speed Rule and Conservation Groups seek to protect right whales by defending the validity of the same rule. *See United States v. 60 Auto. Grilles*, 799 F. App'x 693, 697 (11th Cir. 2020). Thus, Conservation Groups' objective in defending the Vessel Speed Rule is identical to that of the Government.

In order to rebut the presumption of adequate representation, Conservation Groups provide evidence that they petitioned defendant NMFS to expand the Vessel Speed Rule in 2012 and 2020 and then sued alleging unreasonable delay in defendant NMFS's response to their petitions. *See Whale & Dolphin Conservation v. Nat'l Marine Fisheries Serv.*, 573 F. Supp. 3d 175, 177 (D.D.C. 2021). The government is unlikely to adequately represent a proposed intervenor where there has been prior litigation on the same or related issues where the proposed intervenor and government were on opposing sides. *See Coal. of Ariz./N.M. Ctys. v. Dep't of Interior*, 100 F.3d 837, 845 (10th Cir. 1996) (An agency's "ability to adequately represent [the applicant] . . . is made all the more suspect by its reluctance in protecting the [species], doing so only after [the applicant] threatened, and eventually brought, a law suit to force compliance with the Act").

Conservation Groups' litigation against NMFS fails to rebut the presumption of adequate representation. That litigation did not concern the same or related issues. That litigation did not concern the content or the rulemaking of the 2008 Vessel Speed Rule, but rather concerned NMFS's delay in responding to petitions

on expanding that rule. *See Whale & Dolphin Conservation v. Nat'l Marine Fisheries Serv.*, 573 F. Supp. 3d 175, 178 (D.D.C. 2021). At most, that litigation may show that the Government is adverse to expanding the Vessel Speed Rule. It does not show that the Government is adverse to supporting the Vessel Speed Rule as it currently stands. Additionally, *Coal of Ariz.*, Conservation Groups' cited authority, dealt with a proposed intervenor with a personal interest seeking to intervene in an action brought against a government entity that sought to protect the public interest. *See Coal. of Ariz./N.M. Ctys. v. Dep't of Interior*, 100 F.3d 837, 845 (10th Cir. 1996). Here, Conservation Groups' objective is the same as the Government's.

Conservation Groups allege that the change in presidential administration "raises the possibility of divergence of interest." *See Western Energy All. v. Zinke*, 877 F.3d 1157, 1169 (10th Cir. 2017) (citation modified); *but see United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 403 (9th Cir. 2002) ("[T]he mere change of administration is insufficient to alter the conclusion that the interests of the [proposed intervenors] are adequately protected by the United States[.]"). In *Western Energy*, proposed intervenors were environmental advocacy groups seeking to intervene in an action against the Bureau of Land Management. *Id.* at 1158. The Bureau of Land Management had the authority to lease public lands with oil and gas reserves and plaintiff alleged that the Bureau of Land Management was holding too few oil and gas lease sales. *Id.* The proposed intervenors in that case identified specific Executive Orders signed by President Trump which directed the review of

regulations that potentially burden the development of oil and gas. *Id.* at 1169. The court held that the proposed intervenors' interests were not adequately represented because there was a risk of shift in policy. *Id.*

Conservation Groups have failed to identify actions by the new presidential administration that indicates a risk of shift in policy. As evidence, Conservation Groups cite an Executive Order directing agencies to develop an action plan to revise agency actions identified as unduly burdensome to the use of domestic energy resources. Exec. Order No. 14154, 90 Fed. Reg. 8353 (Jan. 20, 2025). Conservation Groups have not shown that the Vessel Speed Rule implicates the use of domestic energy resources or that NMFS has developed an action plan as a result of this Executive Order. Conservation Groups also cite an Executive Order directing the Endangered Species Act Committee to identify obstacles to domestic energy infrastructure deriving from implementation of the Endangered Species Act or the Mariner Protection Act. Exec. Order No. 14156, 90 Fed. Reg. 8433 (Jan. 20, 2025). Conservation Groups have not shown that the Endangered Species Act Committee identified or even considered the Vessel Speed Rule as an obstacle to domestic energy infrastructure. Conservation Groups have failed to show that the Government does not adequately represent their interests. Therefore, their request for intervention as a matter of right is denied.

## B. Permissive Intervention

Conservation Groups also seek permissive intervention under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. Permissive intervention is

appropriate when (1) a movant files a timely motion; and (2) the prospective intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "[I]t is wholly discretionary with the court whether to allow [permissive] intervention." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996). Conservation Groups share the same objective as the Government in defending the validity of the Vessel Speed rule, therefore, it is "unlikely that any new light will be shed on the issues to be adjudicated." *See Chiles v. Thornburgh*, 865 F.2d 1197, 1215 (11th Cir. 1989) (finding district court did not abuse its discretion in denying permissive intervention). The Court in its discretion finds that permissive intervention is not warranted. Therefore, the Motion to Intervene will be denied.

Accordingly, it is hereby **ORDERED**:

1. Conservation Groups' Motion to Intervene (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 23, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties